UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| KENTUCKY PEERLESS DISTILLING CO., LLC | ) | |
| | ) | |
| PLAINTIFF | ) | Civil Action No. 3:22-cv-00037-CHB |
| | ) | |
| v. | ) | |
| | ) | |
| FETZER VINEYARDS CORPORATION | ) | |
| | ) | |
| DEFENDANT | ) | |

_____

**PLAINTIFF'S MOTION FOR EXTENSION OF BRIEFING DEADLINES AND
FOR EXPEDITED CONFERENCE WITH THE COURT REGARDING SAME**

Plaintiff, Kentucky Peerless Distilling Company ("Peerless"), by counsel, respectfully submits this motion for extension of briefing deadlines set forth in this Court's April 19, 2022 Order regarding Defendant Fetzer Vineyard Corporation's ("Fetzer's") request for attorney fees, (the "Motion") and for an expedited conference with the Court to discuss same. Specifically, Peerless requests that its response brief deadline be postponed until June 13, 2022, and that Fetzer's reply brief deadline be postponed until June 20, 2022, and, in connection therewith, that the Court hold an expedited conference with the parties to discuss these issues as soon as is practicable. In support of such requests, Peerless states as follows:

**I.      INTRODUCTION AND BACKGROUND**

On April 19, 2022, this Court entered an Order dismissing *without* prejudice Peerless's Amended Complaint and Motion for Temporary Restraining Order ("TRO") against Fetzer (the "April 19 Order"). The Court determined that, under the parties' "Distribution Agreement," the American Arbitration Association (AAA) must first determine whether this Court is a proper

forum for Peerless to assert its claims and seek a TRO against Fetzer. Additionally, in response to Fetzer's request for an award of attorney fees under the Distribution Agreement, which provides that a "prevailing party" may recover reasonable costs and fees, the Court ordered Fetzer to submit a brief by May 10, 2022; Peerless to submit its response by May 24, 2022; and Fetzer to submit a reply by May 31, 2022.[1]

After receiving the April 19 Order, on April 29, 2022, Fetzer, by counsel, proposed seeking a global resolution of the parties' dispute as a whole via mediation. [*See* Email from C. Wong (Fetzer) to M. Hurst (Peerless), dated April 29, 2022, attached hereto as Exhibit (Ex.) 1.] After discussing the proposal, Peerless agreed to a global mediation and sent correspondence to Fetzer to establish the process for selecting a mediator. [*See* Email from M. Hurst (Peerless) to T. Michaud (Fetzer), dated May 10, 2022, attached hereto as Ex. 2.] In connection with this correspondence, Peerless requested that the parties, among other things, postpone the attorney fee briefing deadlines in this matter so the parties could focus on the mediation process and a global resolution. [*See id.*; *see also* Email from D. Howard (Peerless) to T. Michaud (Fetzer), dated May 11, 2022, attached hereto as Ex. 3.] On May 10, 2022, Fetzer submitted its brief seeking $414,917.78, plus fees associated with *this* briefing regarding attorney fees.

---

[1] To be clear, Peerless vehemently disputes that Fetzer is entitled to any fees whatsoever under the parties' Distribution Agreement. Among other things, the Court's April 19 Order did not purport to determine the merits of Peerless's claims or decide the TRO motion. Likewise, the April 19 Order did not decide that this Court was an improper forum for Peerless's claims, only that AAA must first make such determination. Accordingly, there remains a (strong) possibility that Peerless's claims will be brought before this Court again after the parties' AAA panel is instituted and makes such determination.

Initially, Fetzer neither agreed nor objected to postponing the remaining briefing deadlines (including the deadlines for Peerless's response brief and Fetzer's reply brief) but, on May 12, 2022, indicated only that Fetzer would not respond to the request until Tuesday, May 17, 2022. [*See* Email from T. Michaud (Fetzer) to M. Hurst (Peerless), dated May 12, 2022, attached hereto as Ex. 4.] When asked again on May 13, 2022, whether Fetzer would agree to a joint motion, Fetzer declined, citing a desire to end the federal court action. [*See* Email from T. Michaud (Fetzer) to M. Hurst (Peerless), dated May 13, 2022, attached hereto as Ex. 5.] In an effort to diligently bring this request before the Court, Peerless submits this Motion and requests the Court extend the deadlines for Peerless to submit its response brief until Monday, June 13, 2022, and for Fetzer to submit its reply brief until Monday, June 20, 2022. As set forth herein, this short extension of time will allow Peerless to focus on a (hopefully, successful) global resolution through mediation and, if unsuccessful, provide necessary additional time for Peerless to properly review and respond to Fetzer's request for nearly $500,000, which relies upon, among other things, hotly disputed factual issues and raises new issues regarding the reasonableness of the fees requested.

## II.   ARGUMENT

Under Rule 6(b), Courts may grant motions for a deadline extension where there is good cause and/or the nonmoving party will not be prejudiced. *See, e.g.*, *Select Distribs., LLC v. Breeze Smoke, LLC*, Case No. 20-12944, 2020 U.S. Dist. LEXIS 244819 *2-4 (E.D. Mich. Dec. 30, 2020). Here, after the parties agreed to pursue a global settlement via mediation, Peerless moved diligently to seek an extension of its briefing deadline (and Fetzer's reply deadline) both before and after receiving Fetzer's brief on May 10, 2022. The deadline extension will serve to benefit

both parties by permitting them to focus on a global resolution, which, if successful, will obviate the need for this Court to rule on the request for attorney fees. If the mediation process is (or appears to be) unsuccessful, the extension will permit Peerless the time necessary to properly respond to the factual and reasonableness issues raised in Fetzer's brief.

Further, the short deadline extension will not cause any prejudice to Fetzer because (1) the additional focus on a global resolution to the dispute as a whole is beneficial to both parties and obviates a need for the Court to decide this issue; (2) there are no further deadlines in this matter; and (3) no other events are dependent upon this Court's ruling on Fetzer's request for attorney fees. In order to further develop and discuss these issues, Peerless asks that the Court issue an Order directing the parties to appear for a teleconference as soon as is practicable to address these issues in advance of the current deadline to respond to Fetzer's Motion.

III.     CONCLUSION

For the reasons set forth herein, Peerless respectfully requests that the deadline for its response brief regarding attorney fees be postponed from May 24, 2022 until June 13, 2022, and that the deadline for Fetzer's reply brief be postponed from May 31, 2022 until June 20, 2022. Peerless further respectfully requests that the Court issue an Order directing the parties to appear for a teleconference in advance of the deadline for Peerless to respond to Fetzer's Motion so that these issues may be more fully addressed.

Respectfully submitted,

_/s/ Andrew T. Hagerman_____
Mark T. Hurst
Andrew T. Hagerman
Patrick M. Williams
Stoll Keenon Ogden PLLC
500 W. Jefferson Street, Suite 2000
Louisville, KY 40202
Tel:     (502) 333-6000
Mark.hurst@skofirm.com
Andrew.hagerman@skofirm.com
Patrick.williams@skofirm.com
*Counsel for Kentucky Peerless Distilling Co., LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2022, I served the foregoing via the Court's CM/ECF system, which will send email notification to all parties of record.

_/s/   Andrew Hagerman_____
*Counsel for Ky. Peerless Distilling Co., LLC*