UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| KENTUCKY PEERLESS DISTILLING, LLC, ) ) ) | Civil Action No. 3:22-CV-037-CHB |
| Plaintiff, ) ) | |
| v. ) ) | **ORDER** |
| FETZER VINEYARDS CORPORATION, ) ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Plaintiff Kentucky Peerless Distilling, LLC's ("Peerless") Motion for Extension of Briefing Deadlines and For Expedited Conference with The Court Regarding Same ("Motion for Extension"), [R. 47]. In the Motion for Extension, Peerless argues that the Court should grant it an extension to respond to Fetzer Vineyards Corporation's ("Fetzer") Supplemental Motion for Attorney's Fees, [R. 46], under Federal Rule of Civil Procedure 6(b)(1). The Court ordered an expedited response from Fetzer, [R. 48]. Fetzer timely filed its response, in which it objects to Peerless's Motion for Extension on the grounds that Peerless has failed to show good cause for the extension. [R. 49].

Rule 6(b)(1) provides, in pertinent part, that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time … if a request is made, before the original time or its extension expires." FED. R. CIV. P. 6(b)(1)(A). The decision to extend a time limit is within the discretion of the district court. *See Ott v. Fed. Home Loan Mortg. Corp.*, 535 F. App'x 488, 489 (6th Cir. 2013) ("[T]he plain language of the rule demonstrates that the good cause standard in the rule is discretionary—even if a party demonstrates good cause, a district

court is not required to grant a motion to extend time."). When deciding whether good cause exists, a court may consider "the moving party's diligence in attempting to meet the deadlines" and "prejudice to the nonmoving party." *Layman v. UPS*, No. 3:17-CV-738-CRS, 2019 U.S. Dist. LEXIS 73993, at *8 (W.D. Ky. May 1, 2019) (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)).

Fetzer filed its Supplemental Motion for Attorney's Fees, [R. 46], on May 10, 2022. In this Court's previous Memorandum and Opinion, the Court provided Peerless fourteen days to respond to Fetzer's request for attorneys' fees. [R. 44, p. 14]. Peerless, however, filed its Motion for Extension prior to the expiration of the response deadline. *See* [R. 46 (filed on May 13, 2022)]. In its Motion for Extension, Peerless argues that an extension is proper for two reasons. First, the extension will allow the parties "to focus on a global resolution" via mediation, "which, if successful will obviate the need for this Court to rule on [Fetzer's] request for attorney fees." [R. 47, pp. 3–4]. Second, Peerless claims the extension will not prejudice Fetzer because additional focus on "global resolution" benefits both parties, there are no further deadlines in this case, and "no other events are dependent" on the Court's ruling on Fetzer's request for attorneys' fees. *Id.* at 4. In Response, Fetzer's makes numerous arguments in objection, including that Fetzer will, in fact, be prejudiced by an extension. *See* [R. 49, pp. 7–8].

The Court, however, finds that Peerless has satisfied the good cause standard of Rule 6(b)(1)(A). Specifically, the Court is convinced that Fetzer will not be prejudiced by the extension, which will only consist of a few weeks, since Peerless requests a due date of June 13, 2022. [R. 47, p. 1]. Fetzer's request for attorneys' fees, while important, is not urgent. As noted by Peerless, there are no other matters to which the extension could impact in this suit (either positively or negatively). *Id.* at 4. In addition, an extension of Peerless's deadline will not impact

2

the current arbitration proceedings or the possible mediation attempts occurring outside of this Court. *See* [R. 49, p. 6 ("[T]he parties' discussion regarding the possibility of mediation has *nothing to do with this already dismissed court litigation*. The parties are considering mediation in the context of live *AAA arbitration*[.]") (emphasis in the original)]. Further, the Court finds an extension to be reasonable due to the amount of fees requested by Fetzer. In total, Fetzer requests $414,917.78 in attorneys' fees and costs. [R. 46, p. 21]. The Court finds a brief extension of Peerless's deadline is reasonable under the circumstances. Finally, the Court can find no lack of diligence by Peerless. Peerless did not wait till the last minute, or until after its deadline had passed, before petitioning the Court for an extension. In addition, Fetzer was afforded additional time to file its responsive pleadings to Peerless's Temporary Restraining Order ("TRO") and Amended Complaint, [R. 9; R. 10], which were both filed on February 3, 2022.[1] Fetzer was not required to respond until approximately thirty-seven days after, *see* [R. 30], a time well outside the normal response time under Federal Rule of Civil Procedure 12.

Due to these reasons, the good cause standard under Rule 6(b)(1)(A) has been satisfied. Thus, the Court will exercise its considerable discretion to grant Peerless's Motion for Extension. Once Fetzer's Motion for Supplemental Attorney's Fees, [R. 46], has been fully briefed, the matter will stand submitted to the Court. Accordingly, **IT IS HEREBY ORDERED** as follows:

1. Kentucky Peerless Distilling, LLC's Motion for Extension of Briefing Deadlines and For Expedited Conference with The Court Regarding Same, [R. 47], is **GRANTED** in part and **DENIED** in part.

    a. The Motion is **GRANTED** to the extent it requests an extension of a response deadline. Peerless shall have up to and including **Monday, June**

---

[1] It appears Fetzer was served with the TRO on February 3, 2022, [R. 10], and in any event, counsel for Fetzer participated in a telephonic conference on February 4, 2022. [R. 42; R. 14].

3

**13, 2022**, in which to file its response to Fetzer's Supplemental Motion for Attorney's Fees, [R. 46]. Fetzer shall have up to and including **Monday, June 20, 2022**, in which to file its reply.

b. The Motion is **DENIED** to the extent it requests an expedited conference.

This the 19th day of May, 2022.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY