UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:22-CV-00037-CHB-RSE

**KENTUCKY PEERLESS DISTILLING CO., LLC**                                                              **PLAINTIFF**

**VS.**

**FETZER VINEYARDS CORPORATION**                                                                      **DEFENDANT**

**REPORT AND RECOMMENDATION**

Defendant Fetzer Vineyards Corporation ("Defendant") has filed a Motion for Costs, Expenses, and Attorneys' Fees against Plaintiff Kentucky Peerless Distilling Co., LLC ("Plaintiff"). (DN 46). Plaintiff has responded. (DN 55), and Defendant has filed a reply (DN 56). The District Judge has referred the motion to the undersigned United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. (DN 83).

I. Findings of Fact

This lawsuit stems from a distribution agreement ("the Agreement") between Plaintiff and Defendant. (DN 9, at PageID # 60). In essence, the Agreement states that Defendant would be the exclusive distributor for the selling and marketing of Plaintiff's liquor products. (DN 9-1, at PageID # 81–82). The Agreement directed the parties to first attempt to mediate any dispute that may arise relating to the contract. (*Id.*, at PageID # 96–97). Any issue unresolved after 60 days of mediation "shall be submitted to binding arbitration." (*Id.*, at PageID # 96).

In November 2021, Plaintiff notified Defendant it was terminating the Agreement due to Defendant's alleged breach of the exclusivity provisions of the contract. (DN 9-2, at PageID # 111–12). Plaintiff's termination notice alleged Defendant breached the contract in numerous regards, including marketing other whiskey brands and failing to purchase all of Plaintiff's

products. (*Id.*) After Defendant confirmed receipt of the termination letter on November 19, 2021, the parties engaged in fruitless negotiations as to the details of mediation. (DN 55, at PageID # 1108). On January 25, 2022, after the talks of mediation failed, Plaintiff initiated arbitration proceedings with the American Arbitration Association. (*Id.*, at PageID # 1111).

That same day, Plaintiff also filed this instant suit. (DN 1). Plaintiff's complaint makes the same breach of contract claims contained in the termination letter. (DN 9, at PageID # 66). The complaint additionally alleges that, since receipt of the termination letter, Defendant tortiously interfered with Plaintiff's business by contacting other distributors. (DN 9, at PageID # 66–68). Defendant filed a motion to dismiss, arguing that Plaintiff's claims should be decided in the concurrent arbitration action—not in a lawsuit. (DN 30, at PageID # 254). Defendant also countered with a claim for an award of attorneys' fees. (*Id.*, at PageID # 260). This Court granted the motion to dismiss without prejudice but directed the parties to submit additional briefings on the topic of fees. (DN 44, at PageID # 621–22).

Now, Defendant has filed a brief regarding its claim for attorneys' fees. (DN 46). In the briefing, Defendant argues the Plaintiff must pay the expenses based on two separate grounds: (1) pursuant to the contract, which expressly provides for the recovery of costs to the "prevailing party" of "any litigation" regarding the contract; and (2) pursuant to 28 U.S.C. § 1927, which empowers a court to award attorneys' fees when a party incurs additional expenses due to an attorney's misconduct. (DN 46, at PageID # 627–28). In total, Defendant requests $433,257.28 in fees and costs, but seeks to reserve the right to pursue additional fees as needed to finalize the instant action. (DN 56, at PageID # 1218).

Plaintiff raises numerous defenses in response. (DN 55). First, Plaintiff claims that this Court lacks the jurisdiction to award fees. (*Id.*, at PageID # 1115–17). Second, Plaintiff contends

2

that, because its complaint was dismissed without prejudice, it could potentially refile the claim, and thus Defendant must not yet be considered a "prevailing party" under the contract. (*Id.*, at PageID # 1117–19). Plaintiff then argues that caselaw does not support Defendant's claims. (*Id.*, at PageID # 1119–21). Lastly, Plaintiff takes issue with Defendant's arguments about the case being "vexatious" and the product of "bad faith." (*Id.*, at PageID # 1121–28).

## II. Conclusions of Law

The "American Rule" generally demands litigants pay their own attorneys' fees, "absent statute or enforceable contract" directing otherwise. *Alyeska Pipeline Serv. Co. v. Wilderness Soc.*, 421 U.S. 240, 257 (1957). Here, Defendant claims both statutory and contractual grounds for the fee award.

a. Statutory Claim

Defendant argues that the Court should award it attorneys' fees because Plaintiff made duplicative claims in both arbitration and this Court. (DN 46, at PageID # 640). Under 28 U.S.C. § 1927, "any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may personally be assessed the excess costs, expenses and attorney's fees reasonably incurred because of such conduct." *See Colucci v. New York Times Co.*, 533 F. Supp. 1011, 1013 (S.D. N.Y. 1982). The purpose of this section "is to curb dilatory practices and the abuse of the court processes by attorneys." *Id.* But to avoid deterring zealous advocacy, "unintended, inadvertent, and negligent acts will not support an award under section 1927." *In re Ruben*, 825 F.2d 977, 983 (6th Cir. 1987).

The Court dismissed the Complaint without prejudice, noting that "the issue of whether [Plaintiff's] claims fall within the scope of the Distribution Agreement's arbitration provision . . . is an issue for the arbitrator, not the Court, to decide." (DN 44, at PageID # 621). Should the

arbitrator determine the issues fall outside the agreement, Plaintiffs may return to this venue. Because the Court did not conclude in its April 19, 2022 Order that federal court was an inappropriate venue for the issues raised in the Complaint, the Court cannot now consider the Complaint to be unreasonable or vexatious. (*Id.*).

b. Contract Claim

Defendant also claims that the Agreement entitles it to attorneys' fees. Defendant argues, as a "prevailing party" under the Agreement, it is entitled to the costs associated with the instant action. In full, the relevant portion of the Agreement reads as follows:

> **16.7 Fees.** If there is *any litigation* or arbitration proceeding between the parties arising out of or related to this Agreement or the transactions contemplated by this Agreement, the *prevailing party* will be entitled to recover all reasonable costs and expenses including, without limitation, reasonable fees and expenses of attorneys, accountants and other professionals or experts.

(DN 9-1, at PageID # 97 (emphases added)). Plaintiff contends this Court's dismissal without prejudice precludes Defendant from being considered a "prevailing party," as Plaintiff could simply re-file the claim. (DN 55, at PageID # 1117). Defendant counters that because the "Fees" provision pertains to "any litigation" relating to the Agreement, its broad coverage encapsulates the present suit. (DN 56, at PageID # 1206).

Unfortunately, the Agreement defines neither "prevailing party" nor "any litigation." A review of Kentucky caselaw also does not instruct the Court on how to interpret these terms.[1] Relying on the Agreement's plain language has its limits. Rationally, it is clear the Agreement's

---

[1] To interpret contracts, federal courts apply state substantive law and conclude the parties' intent from "the plain language of the contract*." Royal Ins. Co. of Am. v. Orient Overseas Container Line Ltd.*, 525 F.3d 409, 421 (6th Cir. 2008). The Distribution Agreement contains a choice of law provision electing to follow Kentucky law. (DN 9-1, at PageID # 96). Therefore, Kentucky state law governs Defendant's claim under contract law. However, the parties do not offer Kentucky caselaw to instruct the Court on how to interpret the terms at issue in this case. This Court's independent review also yielded no results.

"any litigation" language would encapsulate the present action. However, as Plaintiff points out, it is less straightforward if Defendant should be considered a "prevailing party." The Sixth Circuit has held that a party "prevails" only when the litigant "obtain[s] a 'material' change in the legal relationship between [itself] and the [adverse party]." *City of Jeffersontown v. Digital Ally, Inc.*, No. 3:18-cv-00170-RGJ-RSE, 2019 WL 1440315 (W.D. Ky. March 31, 2019) (citing *McQuery v. Conway*, 614 F. 3d 591, 597 (6th Cir. 2010)); *Clarke v. Mindis Metals, Inc.*, 99 F.3d 1138 (6th Cir. 1996) (table) (applying this rule for federal statutory interpretation to a contract that failed to define "prevailing party").

Despite the Sixth Circuit not being binding in this instance, the Court finds its distinction compelling. Here, the Court dismissed the complaint without prejudice due to the Agreement's arbitration clause. Defendant however remains subject to potentially paying money damages for the alleged contract breach. Because Plaintiff could still ultimately prevail in this dispute, there has been no material change in the legal relationship between Plaintiff and Defendant.

Defendant contends the Supreme Court's decision in *CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419 (2016), supports their claim for fees. (DN 56, at PageID # 1208). In that litigation around what constituted a "prevailing party" under federal statute, the Court held that a party need not succeed on the merits of a claim to prevail. *CRST*, 578 U.S. at 433–34. However, the Court expressly declined to determine whether a preclusive judgment was necessary to prevail. *Id.* at 434.

Because the Supreme Court did not offer guidance on the importance of a preclusive judgment, the decision in *CRST* is not instructive. This Court previously dismissed Plaintiff's suit without prejudice. Plaintiff could eventually come back to the Court to enforce a successful award from the arbitrator or even refile the claim in full. Thus, the Court's dismissal of the claim was not

preclusive. Because the claims Plaintiff asserted continue to be pursued through arbitration, the Court finds that neither party has yet to "prevail" under the terms of the distribution agreement.

### III. Recommendation

For the above-stated reasons, the Court finds neither statutory nor contractual grounds support Defendant's motion for attorneys' fees. **IT IS THEREFORE RECOMMENDED** the Defendant's Motion (DN 46) be **DENIED**.

Regina S. Edwards, Magistrate Judge
United States District Court

December 8, 2022

### NOTICE

Therefore, under the provisions of 28 U.S.C. " 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir.), *aff'd*, 474 U.S. 140 (1984).

Copies:    Counsel of record